_____

UNITED STATES DISTRICT COURT
DISTRICT OF UTAH
_____

| | |
|---|---|
| JEFFREY HASTIE,           )<br>                                      )<br>      Plaintiff               )<br>                                      )<br>      v.                           )<br>                                      )<br>MICHAEL J. ASTRUE,    )<br>Commissioner of Social Security, )<br>                                      )<br>      Defendant.            ) | Case No. 1:11-cv-00121-DAK<br><br>ORDER<br><br><br>Honorable Dale A. Kimball |

_____

     Plaintiff, pursuant to 42 U.S.C. § 405(g), seeks judicial review of the decision of the Commissioner of Social Security (Commissioner) denying his claim for disability insurance benefits under Title II of the Social Security Act (the Act).  After careful review of the entire record, parties' briefs, and arguments presented at a hearing held on February 7, 2012, the undersigned concludes that the Commissioner's decision is supported by substantial evidence and free of harmful legal error and is, therefore, AFFIRMED

     This Court reviews the Commissioner's decision to determine whether substantial evidence in the record as a whole supports the factual findings and whether the correct legal standards were applied.  *See Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).  "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citation omitted).  The Court may neither "reweigh the evidence [n]or substitute [its] judgment for the [ALJ's]." *Id.* (citation omitted).  Where the evidence as a whole can support either the agency's decision or an award of benefits, the agency's decision must be affirmed.  *See Ellison v. Sullivan*, 929 F.2d 534, 536 (10th Cir. 1990).

     As noted in the ALJ's decision, this case involves a relatively narrow period of time, from the alleged onset of disability on September 1, 2003 to the expiration of Plaintiff's insured status on December 31, 2006.  *See* Tr. 11, 13, 248.

I.	**The ALJ properly evaluated Plaintiff's credibility.**

In this case, the ALJ reasonably found that Plaintiff's statements "concerning the intensity, persistence, and limiting effects" of his impairments were less than credible. Tr. 16. As noted by the ALJ, Plaintiff told his physicians that pain medications were effective, Tr. 17, and this was a proper reason for the ALJ to question Plaintiff's credibility. *See Huston v. Bowen*, 838 F.2d 1125, 1132 (10th Cir. 1988).

The ALJ reasonably found that Plaintiff's daily activities supported a finding that Plaintiff could return to a modified range of light work, with an option to alternate sitting and standing. Tr. 18. *See Musgrave v. Sullivan*, 966 F.2d 1371, 1376 (10th Cir. 1992); *Gossett v. Bowen*, 862 F.2d 802, 807 (10th Cir. 1988). Among other activities, Plaintiff described mowing a lawn in the summer, using a self-propelled lawn mower, which took 20 minutes. Tr. 293. Plaintiff described weeding in his yard and trimming roses. Tr. 107, 109.

Plaintiff has argued that these daily activities did not undermine his credibility. However, this Court must apply the "substantial evidence" standard of review to the ALJ's factual findings. 42 U.S.C. § 405(g). A reasonable person might accept the evidence of Plaintiff's daily activities as undermining his credibility, and this Court must therefore defer to the ALJ's findings on this issue: "The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence." *Lax*, 489 F.3d at 1084.

The ALJ also reasonably found that there was no objective evidence demonstrating a worsening in Plaintiff's condition. Tr. 18. *See* SSR 96-7p, 1996 WL 374186 at *6 (July 2, 1996). Plaintiff was able to work as a car salesman despite his chronic pain, treated with prescription pain relieving medications, and there was no objective support for a worsening in his condition in the month he alleged disability, September 2003. While Plaintiff argues that his

condition did, in fact, worsen, Plaintiff's argument relied almost entirely on evidence dating from after the expiration of Plaintiff's insured status.  *See, e.g.*, Pl..'s Reply Br. 6.

**II.    The ALJ reasonably found Plaintiff capable of a modified range of light work.**

The ALJ reasonably found Plaintiff capable of a modified range of light work, including limitations of alternating sitting and standing in 15 to 20 minute increments and only occasionally handling objects.  Tr. 14.  The ALJ gave controlling weight to the May 2007 opinions of treating physician, Dr. Mackay, who treated Plaintiff for neck, back, and knee pain both before, during, and after the relevant period in this case.  *See* Tr. 17.  20 C.F.R. § 404.1527(d).  This was a reasonable interpretation of the evidence, which deserves deference under the substantial evidence standard of review.  42 U.S.C. § 405(g).

Plaintiff argues that the ALJ did not include any limitations resulting from his neck pain.  However, the ALJ gave weight to the opinions of Dr. Mackay, who treated Plaintiff's neck pain for several years.  Tr. 17.  Dr. Mackay indicated that Plaintiff could lift 20 pounds on an occasional basis, with no other restrictions related to neck pain, Tr. 384, and the ALJ reasonably gave controlling weight to this treating physician opinion.  Plaintiff has not cited to any evidence – such as evidence of radiculopathy – demonstrating additional limitations.

Plaintiff also cites to a comment in the ALJ's decision, where the ALJ states that Plaintiff did not have "any particular treatment" for his neck pain.  Pl.'s Br. 8 (citing Tr. 17).  While this was an inaccurate statement by the ALJ, this was an isolated comment and was clearly not representative of the decision, given the ALJ's extensive discussion of neck pain and treatment for neck pain.  *See* Tr. 16-17.

Plaintiff also argues that the ALJ erred in omitting any limitation on his ability to finger objects, due to arthritis in his thumbs.  Yet the ALJ included all of the specific, work-related restrictions indicated by treating physician Dr. McKay.  When the form asked Dr. McKay to "describe any upper extremity weakness and limitations," Dr. McKay did not identify any

specific restrictions beyond noting the medical condition of arthritis and giving the specific, work-related limitation, later in the form, on lifting no more than 20 pounds occasionally. *See* Tr. 384. As Dr. McKay did not give any further limitations on Plaintiff's ability to finger objects, the ALJ reasonably did not include any additional limitations.

However, even if the ALJ in evaluating Dr. McKay's opinions regarding arthritis, Plaintiff fails to demonstrate any prejudice resulting from such error. It is the plaintiff's burden to show that a legal error was prejudicial, *Shinseki v. Sanders*, 556 U.S. 396, 129 S.Ct. 1696, 1706 (2009), and in this case, Plaintiff fails to point to any evidence showing that he experienced arthritis in his thumbs during the relevant period. He cites to a single treatment note, where Dr. McKay noted complaints of aches and pains in the thumbs. Pl.'s Br. 9 (citing Tr. 399). This note dates from June 2007. Tr. 399. It does not establish that Plaintiff experienced arthritis in his thumbs during the relevant period in this case; Plaintiff therefore does not demonstrate any prejudice resulting from this alleged error.

Finally, Plaintiff contends that the ALJ did not account for the side-effects caused by his medications. However, the ALJ reasonably relied on the treatment notes of Dr. Mackay, in which Plaintiff denied having any medication side-effects on several occasions. Tr. 17. *See also* Tr. 435, 436, 439, 440, 452, 453, 455, 468, 470-476.

**III.    The ALJ properly found Plaintiff not disabled at step five.**

The ALJ properly relied on the testimony of a vocational expert to find Plaintiff not disabled at step five. Tr. 18-19. The expert had identified the representative occupations of office helper, small products assembler, and hand packer, Tr. 64-65, and each of these occupations existed in significant numbers. Tr. 19. Thus, the ALJ properly found Plaintiff not disabled during the relevant period. 20 C.F.R. § 404.1520(a)(4)(v).

Plaintiff contends that the ALJ led the vocational expert towards specific testimony in order to support this step five finding and that the expert did not give unequivocal testimony to

support the ALJ's decision. While the vocational expert changed her testimony, this was only after being informed correctly, by the ALJ, of the agency's regulatory definition for the term "light work." Tr. 63-64 ("a person may spend most of the day seated . . . that is defined without our regulation."). The expert then identified the light work job of "office helper," to the ALJ, explaining that the availability of this job would be reduced due to the specific sit-stand limitation. Tr. 64-65. The ALJ had correctly referred to regulations in his questioning of the expert. *See* 20 C.F.R. § 404.1567(b); *see also* SSR 83-10, 1983 WL 31251, at *5 (1983) ("when it requires a good deal of walking or standing – the primary difference between sedentary and *most* light jobs.") (emphasis added); SSR 83-12, 1983 WL 31253, at *4 (1983) ("In cases of an unusual limitation of ability to sit or stand, a [vocational source] should be consulted to clarify the implications for the occupational base."). Indeed, Plaintiff appeared to abandon her initial argument that the ALJ erred in referring to this regulatory standard. Therefore, the Court does not find any error in the ALJ's findings at step five.

Because the ALJ's decision is supported by substantial evidence and is free of harmful legal error, it is AFFIRMED. Judgment shall be entered in accordance with Fed. R. Civ. P. 58, consistent with the U.S. Supreme Court's decision in *Shalala v. Schaefer*, 509 U.S. 292, 296-304 (1993).

DATED this 15th day of February, 2012.

_____
DALE KIMBALL
United States District Judge